SMITH, CULVER, Associate Judge.
This appeal was taken from a final decree entered below, on Plaintiffs’ suit for declaratory decree. Plaintiffs are Appellants here and the Defendants, Walter O. Johns and Beulah Johns, his wife, are the Appellees. The parties will be referred to as they stood in the Court below. By their Complaint, Plaintiffs sought relief against numerous parties. Prior to the entry of the final decree, however, all matters pertaining to all Defendants against whom affirmative relief was sought, except the Defendants, Walter O. Johns and Beulah Johns, his wife, had been settled by written stipulation.
In substance, the relief sought by Plaintiffs was a decree declaring that the Defendants had no right, title or interest to the property in question, and declaring the exact position of the west boundary of that certain tract of land in Martin County, Florida, known as the Hanson Grant. In addition to admitting or denying the various allegations of Plaintiffs’ Complaint, the Defendants, Walter O. Johns and wife assert that they have acquired title to certain lands through adverse possession under color of title. The trial Court made extensive findings of fact from the evidence produced. No useful purpose would be served by setting out that evidence in this opinion. The Chancellor’s Decree dismissed the Complaint on two grounds, the first being that, the evidence was not sufficient and of the character required for the Court to set at rest forever the exact position of the west boundary of the Hanson Grant. We agree with this conclusion on his part. The record contains conflicting surveys, plats, and testimony so that taken as a whole the lower Court’s action is amply supported. In addition, to determine this boundary would be to adjudicate the rights of other Defendants who have already settled their disputes with the Plaintiffs.
The second ground for dismissal of the Complaint, by the lower Court, was its finding that the Defendant, Walter O. Johns, had acquired title to the disputed *437 lands by adverse possession. Under the Court’s findings of fact, set out in its decree, which findings are supported by substantial competent evidence contained in the record, this determination appears to be correct. Briefly stated, such a finding is established by evidence of fencing; of leasing portions to plaintiffs’ predecessor in title, which portions were used for grazing; by use and possession, continuously and openly, claiming them as his own, for more than seven years prior to the institution of this action, and by paying the taxes thereon.
No reversible error having been made to appear, the decree appealed from is hereby affirmed.
ALLEN, C. J., and SHANNON, J., concur.